UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

**DONNIE LEWIS WARE**                                                                                      **PLAINTIFF**

**v.**                                                                        **CIVIL ACTION NO. 1:22-CV-P32-GNS**

**DET. KYLE SCHARLOW**                                                                                  **DEFENDANT**

**MEMORANDUM OPINION**

This is a *pro se* prisoner civil-rights action brought pursuant to 42 U.S.C. § 1983. The matter is before the Court for screening of the complaint pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss this action.

**I.**

Plaintiff sues Bowling Green Police Department Detective Kyle Scharlow in his individual capacity alleging that he "had me falsely indicted and falsely arrested for a handgun someone else [] got caught of and was charged with . . . ." Plaintiff then details Defendant Scharlow's allegedly wrongful actions in investigating his case and indicates that, because of these actions, he was wrongfully convicted of being a convicted felon in possession of a handgun. In an attachment, to the complaint, Plaintiff indicates that he was arrested on October 20, 2020. As relief, Plaintiff seeks damages.

**II.**

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

*See* § 1915A(b)(1), (2); and *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S.

635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

The Court construes the complaint as asserting Fourth Amendment false-arrest and malicious-prosecution claims against Defendant Scharlow. The Court will address each in turn.

### A. False-Arrest Claim

Because § 1983 does not provide a statute of limitations, federal courts borrow the forum state's statute of limitations for personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 275-80 (1985). In Kentucky, § 1983 actions are limited by the one-year statute of limitations found in Ky. Rev. Stat. § 413.140(1)(a). *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). While state law governs the length of the applicable statute of limitations, "the accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007); *see also Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007). "Ordinarily, the limitation period starts to run when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Eidson*, 510 F.3d at 635. In determining the accrual date, courts look to "what event should have alerted the typical lay person to protect his or her right." *Id.* (quoting *Kuhnle Bros. v. Cty. of Geauga*, 103 F.3d 516, 520 (6th Cir. 1997)). The Supreme Court has held that a false-arrest claim accrues at the time of arrest, or at the latest, when detention without legal process ends. *Leaphart v. City of Detroit*, No. 19-2202, 2020 U.S. App. LEXIS 5111 (6th Cir. Feb. 19, 2020) (citing *Wallace v. Kato*, 549 U.S. 384, 389 (2007)).

Plaintiff states that he was arrested on October 20, 2020, and the Court takes judicial notice that Plaintiff was arraigned in the criminal case he cites in the complaint, *Commonwealth v. Ware*, No. 20-cr-00285-002, on the same date.[1] Thus, his false-arrest claim accrued, at the latest, on that date, and the limitations period for the claim expired one year later on October 20, 2021. Plaintiff did not file the instant complaint until March 7, 2022, several months after the statute of limitations for his false-arrest claim had expired.[2] Thus, Plaintiff's false-arrest claim is untimely and must be dismissed as frivolous. *See, e.g.*, *Castillo v. Grogan*, 52 F. App'x 750, 751 (6th Cir. 2002) ("When a meritorious affirmative defense based upon the applicable statute of limitations is obvious from the face of the complaint, sua sponte dismissal of the complaint as frivolous is appropriate.").

### B. Malicious-Prosecution Claim

The Court next turns to Plaintiff's malicious-prosecution claim. The Sixth Circuit "recognize[s] a separate constitutionally cognizable claim of malicious prosecution under the Fourth Amendment," which "encompasses wrongful investigation, prosecution, conviction, and incarceration." *Barnes v. Wright*, 449 F.3d 709, 715-16 (6th Cir. 2006). The tort of malicious prosecution is "entirely distinct" from that of false arrest, as the malicious prosecution tort "remedies detention accompanied, not by absence of legal process, but by wrongful institution of legal process." *Wallace v. Kato*, 549 U.S. at 390. "One element that must be alleged and proved in a malicious prosecution action is termination of the prior criminal proceeding in favor of the

---

[1] The KYeCourts CourtNet 2.0 system (CourtNet), see https://kcoj.kycourts.net/kyecourts, shows that Plaintiff was arraigned in his criminal action on October 20, 2020. *See Warren Circuit Court*, No. No. 20-cr-00285-002. Courts may take judicial notice of public records. *See New England Health Care Emps. Pension Fund v. Ernst & Young, LLP*, 336 F.3d 495, 501 (6th Cir. 2003) ("A court that is ruling on a Rule 12(b)(6) motion may consider materials in addition to the complaint if such materials are public records or are otherwise appropriate for the taking of judicial notice.").

[2] Under the prison mailbox rule, the complaint is deemed filed when presented to prison officials for mailing. *Miller v. Collins*, 305 F.3d 491, 497-98 (6th Cir. 2002) (citing *Houston v. Lack*, 487 U.S. 266 (1988)). Plaintiff certifies that he delivered his complaint to the prisoner mail system for mailing on March 7, 2022.

accused." *Heck v. Humphrey*, 512 U.S. 477, 484 (1994).[3] Thus, because Plaintiff does not allege that he "prevailed in the criminal proceeding that gave rise" to his malicious-prosecution claim, it must be dismissed as barred by *Heck*. *See Powers v. Hamilton Cty. Pub. Def. Comm'n*, 501 F.3d 592, 600 (6th Cir. 2007) (citing *Heck*, 512 U.S. at 484.)

## IV.

The Court will enter a separate Order dismissing this action for the reasons set forth herein.

Date: March 28, 2022

Greg N. Stivers, Chief Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendant
    Bowling Green City Attorney
4416.011

---

[3] In *Heck*, the Supreme Court held that a state prisoner cannot state a cognizable claim under § 1983 for an allegedly unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id*. at 486-87 (footnote omitted)